UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L.T. TUCKER, JR.,

    Plaintiff,

v.                                                                  Case No. 2:04-cv-84
                                                                  HON. GORDON J. QUIST

BARBARA BOUCHARD, et al.,

    Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation was duly served on the parties. The Court has received objections from the plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

Plaintiff objects to the recommendation that defendants Bouchard, Rife, Bergh and Gerth are entitled to dismissal for lack of personal involvement. Plaintiff has failed to show that these defendants were personally involved in the alleged improper conduct. Plaintiff asserts that he is not making claims for access to the courts, assault, excessive force or a special diet. The Report and Recommendation recognized this and made no recommendations on those claims. Plaintiff failed to show that his equal protection rights were violated and failed to show that defendants took any retaliatory conduct against him. Further, defendants are entitled to the defense of qualified immunity from liability.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion for summary judgment, the court discerns no good-faith basis for an appeal.  Should the plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

Dated:  September 6, 2005                                 /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE