UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L. T. TUCKER, JR.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Case No. 2:04-cv-84
　　　　　　　　　　　　　　　　　　　　　　　　　　HON. GORDON J. QUIST
BARBARA BOUCHARD, et al.,

    Defendants.

_____/

## **OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On September 19, 2005, this court entered a judgment dismissing plaintiff's claims. Thereafter, defendants filed a motion to tax costs against plaintiff in the amount of $105.50. On September 19, 2005, this court issued an order requiring plaintiff to file a response to defendants' motion. Plaintiff elected not to file a response to defendants' motion.

    The court finds that defendants' costs, including those sought under 28 U.S.C. § 1923(a), are authorized by statute and reasonable in nature and amount. *See Meador-Bey v. Jones*, No. 92-2379, 1993 WL 76228, at *1 (6th Cir.), *cert. denied*, 509 U.S. 913 (1993); *Berryman v. Epp*, 884 F. Supp. 242, 244-45 (E.D. Mich. 1995). Costs in the amount of $42.50 are therefore approved.

    The Prison Litigation Reform Act, Pub. L. No. 104-134 (1996), removes the court's discretion to order relief from taxed costs on the basis of a prisoner's indigence. Under the Act, costs should generally be awarded regardless of whether the inmate is indigent. *See* 28 U.S.C. § 1915(f)(2)(A); *Singleton v. Smith*, 241 F.3d 534, 539-40 (6th Cir. 2001). Defendants are entitled to an award of costs totaling $42.50.

A prisoner litigant against whom costs are taxed is now required to make an initial payment of costs equal to twenty percent of the greater of (a) the average monthly deposits to the prisoner's account, or (b) the average monthly balance in the prisoner's account over a six month period. 28 U.S.C. § 1915(a)(2), (f)(2)(B). After an initial payment, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the Michigan Attorney General's Office each time the amount in the account exceeds $10.00 until the costs are paid in full.

A certificate establishing plaintiff's prison account activity, filed with the Court on November 2, 2005, establishes that plaintiff's average monthly deposit for the six months reported was $7.35. Twenty percent of that amount is $1.47. Plaintiff has a current account balance of $0.00. Therefore, it appears that plaintiff is financially incapable of making an initial payment. Accordingly, the Department of Corrections shall remit monthly payments from plaintiff's account as indicated above until the costs are paid in full.

Dated: November 16, 2005             /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE